UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**SHERYL TESTASECCA,**

      **PLAINTIFF,**

vs.                                                                                  Case No. 8:04-cv-1298-T-MSS

**JO ANNE B. BARNHART,**
**COMMISSIONER OF SOCIAL SECURITY,**

      **DEFENDANT.**
_____/

## ORDER

Plaintiff brings this action pursuant to the Social Security Act (the "Act"), as amended, Title 42, United States Code, Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying claims for disability, disability insurance benefits, and supplemental security income under the Act.

The Undersigned has reviewed the record, including a transcript of the proceedings before the Administrative Law Judge (the "ALJ"), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case.

**I.  Background**

    **A.  Procedural History**

Plaintiff protectively filed an application for Supplemental Security Income payments on January 31, 2002, alleging disability commencing on November 1, 2000.

1

(T. 53-55). Plaintiff's application was denied at the initial and reconsideration levels and she requested a hearing. (T. 41-51). That hearing was held on August 5, 2003 (the "ALJ Hearing"). (T. 28-40). On October 31, 2003, and Administrative Law Judge issued a decision finding Plaintiff was not disabled (the "ALJ Decision"). (T. 9-17). This decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. (T. 3-5).

### B. Medical History and Findings Summary

At the time of the ALJ Hearing, Plaintiff was a twenty-eight year old woman who had obtained her general equivalency degree and had studied to be an administrative assistant at a technical school. (T. 31 and 32). Plaintiff's medical history is set forth in the ALJ Decision. By way of pertinent summary, Plaintiff alleged that she became disabled due to Hepatitis C, scoliosis, low energy, nausea, back pain and daily nervousness and panic attacks. (T. 61). At the ALJ Hearing, Plaintiff presented the ALJ with medical records from Plaintiff's treating and examining physicians.

Plaintiff was treated intermittently between 1997 and 2002 by Dr. Eugene DeLucia for back and neck pain. (T. 176-186). Dr. DeLucia also prescribed Celexa to Plaintiff for depression and anxiety. (T. 177). Plaintiff visited Cypress Internal Medicine in 2001 and 2002 to receive treatment for Hepatitis C, upper respiratory infections and gynecological problems. (T. 187-196). In 2002, Plaintiff was treated by Dr. Ishwari Prased for complaints of nausea. (T. 131-136). Plaintiff was treated in 2003 by Dr. Alex Zakhary during her pregnancy. Dr. Zakhary also completed a medical assessment that found Plaintiff limited to less than sedentary work. (T. 243-244).

Plaintiff underwent two consultative examinations in connection with her

application. On May 2, 2002, Plaintiff was examined by Dr. Sandra Roth, who found that Plaintiff suffered from depression. (T. 140). Dr. Peter Bursten examined Plaintiff on May 15, 2002. (T. 142-145). Dr. Bursten found that Plaintiff's thinking was logical and goal directed, her memory for recent and remote events was appropriate and that her IQ was in the low average to average range. (T. 144). Although Plaintiff became tearful during the examination, she claimed that her depression was currently improved and in relative remission. (T. 144). Dr. Bursten diagnosed major depressive disorder, panic disorder with agoraphobia, poly-substance dependence, adult antisocial behavior, and nonspecific personality disorder. (T. 144).

State agency physicians reviewing Plaintiff's file concluded that she possessed the physical capacity for light work and did not have a severe work-related mental impairment. (T. 199, 213, 227-242).

After considering the evidence, the ALJ found that although Plaintiff suffered from severe impairments including Hepatitis C, scoliosis, hiatal hernia and anxiety, as well as depression, she did not have an impairment or combination of impairments listed in or medically equal to one listed in Appendix 1, Subpart P, Regulations No. 4. (T. 13-14). The ALJ found Plaintiff's allegations regarding her limitations not fully credible and that Plaintiff possessed the residual functional capacity for light work and, thus, could return to her past relevant as a telemarketer. (T. 17).

For the reasons that follow, the Undersigned **AFFIRMS** the decision of the Commissioner.

## II.    Standard of Review

In an action for judicial review, the reviewing court must affirm the decision of

the Commissioner if it is supported by substantial evidence in the record as a whole. 42 U.S.C. §405(g). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). If there is substantial evidence to support the Commissioner's findings, this Court may not decide the facts anew or substitute its judgment as to the weight of the evidence for that of the Commissioner. Goodley v. Harris, 608 F.2d 234, 236 (5th Cir. 1979). No similar presumption of validity attaches to the Commissioner's legal conclusions; rather the Court reviews the application of law *de novo*. See Davis v. Shalala, 985 F.2d 528, 531 (11th Cir. 1993). If an error of law was committed by the Commissioner, the case must be remanded to the Commissioner for application of the correct legal standard. McDaniel v. Bowen, 800 F.2d 1026, 1029-30 (11th Cir. 1986); Smith v. Heckler, 707 F.2d 1284, 1285 (11th Cir. 1983). If the reviewing court is unable to determine from the Commissioner's decision that the proper legal standards were applied, then a remand to the Commissioner for clarification is required. Jamison v. Bowen, 814 F.2d 585 (11th Cir. 1987).

**III.  Discussion**

Against this standard, Plaintiff raises two challenges to the ALJ Decision. First, Plaintiff alleges that the ALJ failed at Step Two of the sequential analysis to consider her depression as severe, and, second Plaintiff alleges that the ALJ erred in finding her prior work as a telemarketer to be prior substantial gainful employment sufficient to be considered past relevant work.

Plaintiff is incorrect in both instances. Plaintiff correctly notes that the finding at step two of "severity" is a *de minimis* standard. In order to be considered "severe" a

Plaintiff need only show that the relevant impairment affects in some way her employment skills. It is not, as the word would seem to suggest, necessary for the Plaintiff to show that the impact of the complaint or impairment is a severe one.

Plaintiff is incorrect, however, in her assertion that the ALJ did not find her depression to be severe. To the contrary, the ALJ expressly stated at Step Two of his analysis that "[t]he medical evidence indicates that the claimant has Hepatitis C, scoliosis, hiatal hernia and anxiety as well as depression, impairments that, in combination, <u>are severe</u> within the meaning of the Regulations but not severe enough to meet or medically equal one of the [listed] impairments . . . ." (T. 13-14, emphasis added). This finding alone defeats the Plaintiff's contention here.

The ALJ went on to find at Step Four of the analysis that the Plaintiff's depression subsequently improved and that the psychologist who diagnosed Plaintiff's condition "observed that the claimant possesses logical thinking, instruction comprehension, attentiveness and appropriate memory function." (T. 14). The ALJ also considered the report of the Agency doctor and ultimately concluded that the Plaintiff's impairments "including depression" considered singularly or in combination "do not prevent [her] from performing her past relevant work." (T. 17).

This finding, which is not challenged by the Plaintiff on the basis of a Step Four analysis, is supported by the above referenced substantial evidence of record.

Finally, Plaintiff suggests that the ALJ incorrectly found that her work as a telemarketer was substantial gainful employment. Plaintiff contends that she only performed the work for three (3) months and that as a matter of law three months' work cannot constitute substantial gainful employment sufficient to constitute past relevant work.

The applicable regulation provides that work experience counts as past relevant work when it was performed within the fifteen years proceeding Plaintiff's claim of disability, lasted long enough for the individual to learn about performing it and was substantial gainful activity as defined by the regulation. 20 CFR §416.965(a).

As the Commissioner noted, "Plaintiff does not allege that she never learned how to be a telemarketer." (Comm. Brief at 8). She described the functions of the job as sitting at a desk making telephone calls. (Comm. Brief at 8, citing to T. 62, 81).

Plaintiff's earnings records also belie her contention, as she reported earnings of $3,244.44. (T. 57-58). This level of earning also satisfies the standard for gainful activity. The regulations provide that an individual is presumed to have engaged in substantial gainful activity in 1991 if earnings averaged more than $500.00 monthly. 20 CFR § 416.974(b)(2)(1). Consequently, the ALJ properly concluded Plaintiff's work as a telemarketer was past relevant work. Thus, this contention also fails.

**IV.   Conclusion**

For the reasons cited above, the ALJ Decision in this case is supported by substantial evidence. The Undersigned therefore **AFFIRMS** the decision of the Commissioner. The Court **ENTERS** judgment in favor of the Defendant and **DIRECTS** the Clerk to enter judgment pursuant to Rule 58.

**DONE and ORDERED** in Tampa, Florida on this 14th day of September 2005.

Copies to:

Counsel of Record

MARY S. SCRIVEN
United States Magistrate Judge